# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| NAPOLEON HARTSFIELD, BOBBY SHELTON, AARON NIEHUS, CORTEZ KELLUM, GREGORY AGUIRRE, QUINTON JENKINS, GLEN EDWARDS, FONTIENE COBB, MARCUS HERMANN, ANDREW KINDER, <br><br> Plaintiffs, <br><br> vs. <br><br> IOWA DEPARTMENT OF CORRECTIONS, IOWA STATE PRISON INDUSTRIES, STATE OF IOWA, PUBLIC COMMUNICATIONS SERVICES, INC., IOWA COMMUNICATION NETWORK, JOHN GILLESPIE, GARY MAYNARD, IOWA STATE PENITENTIARY, KEN BURGER, JAY NELSON, DEBBIE NICHOLS, COL EMMETT, CAPT. BOWDEN, SGT. HAWK, LT. NEWMAN, C.O. MCDOWELL, C.O. SANDAVAL, C.O. BOYER, C.O. HELMICK, C.O. EVES, C.O. LAMPE, C.O. LEMASTER, C.O. GILBERT, M. PIPER, C. HEAD, C.O. PICTON, C.O. JOHNSON, LT. MCKINLEY, SGT. MENDEZ, C.O. SHOUP, SIX UNKNOWN C.O.s, SGT. HARRIS, WARDEN BURT, ANAMOSA STATE PENITENTIARY, LT. OLDENBURGER, WILLIAM SOUPENE, NANCY KUARA, <br><br> Defendants. | No. C06-3082-LRR <br><br> ORDER |

The matters before the court are Napoleon Hartsfield's November 22, 2006 application for appointment of counsel, Napoleon Hartsfield's December 4, 2006 application to proceed in forma pauperis, Andrew Kinder's December 26, 2006 application to proceed in forma pauperis and Napoleon Hartsfield's December 29, 2006 motion to amend the complaint. The plaintiffs submitted a complaint pursuant to 42 U.S.C. § 1983 on November 22, 2006. Napoleon Hartsfield submitted $50.00 on December 21, 2006 and Andrew Kinder submitted $26.00 on December 26, 2006. None of the other plaintiffs submitted applications to proceed in forma pauperis or any additional portion of the required filing fee.

Concerning Napoleon Hartsfield's December 4, 2006 application to proceed in forma pauperis, 28 U.S.C. § 1915(g) prevents the court from extending in forma pauperis status to Napoleon Hartsfield. 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Prior to filing the instant action, Napoleon Hartsfield filed at least three frivolous actions or appeals. *See Hartsfield v. Braumbaugh*, Case No. 4:05-cv-00006-RP-TJS (S.D. Iowa 200_) (relying on 28 U.S.C. § 1915(g)); *Hartsfield v. Iowa Department of Corrections*, Case No. 4:05-cv-00249-JEG (S.D. Iowa 2005) (same). In addition, it is clear from the filings that Napoleon Hartsfield is not under imminent danger of serious physical injury. Accordingly, Napoleon Hartsfield's application to proceed in

forma pauperis is denied.  *See* 28 U.S.C. § 1915(g).  Napoleon Hartsfield is directed to submit the remaining portion of the $350.00 filing fee by no later than January 16, 2007.  In the event that Napoleon Hartsfield does not comply with this order, the Clerk of Court is directed to dismiss him from this case.

Regarding Andrew Kinder's December 26, 2006 application to proceed in forma pauperis, it is clear from the certificate of inmate account that Andrew Kinder does not have $274.00 in his inmate account but he does have approximately $150.00 available to him.  Further, because none of the other plaintiff's submitted applications to proceed in forma pauperis, the court has no way of determining whether it is appropriate to grant in forma pauperis status to all of the plaintiffs except Napoleon Hartsfield.  Presumably, the ten plaintiffs can pool their resources and pay the fees associated with this action.  Accordingly, Andrew Kinder's December 26, 2006 application to proceed in forma pauperis is denied without prejudice.  Andrew Kinder is directed to submit the remaining portion of the $350.00 filing fee by no later than January 16, 2007.  Concerning the other plaintiffs, they must pay the remaining portion of the $350.00 filing fee by no later than January 16, 2007.  In the event that Andrew Kinder and the other plaintiffs do not comply with this order, the Clerk of Court is directed to dismiss them from this case.  If no plaintiffs remain after January 16, 2007 because the required filing fee has not been paid in full, the Clerk of Court is directed to dismiss without prejudice the instant action.

With regard to Napoleon Hartsfield's motion to amend the complaint, the motion is granted.  Nevertheless, the plaintiffs should be aware that their amended complaint is too general and unclear.  Merely listing defendants and describing the general conditions within the Iowa Department of Corrections is not enough.  If they elect to proceed with their complaint, the court will require each plaintiff to amend the complaint by including a specific statement detailing what each defendant did, or failed to do, which resulted in

harm to him.[1] Stated differently, the plaintiffs should refrain from speaking on behalf of other inmates, especially when the alleged harm or injury only pertains to them.[2] In addition, the plaintiffs should state the date and place of all relevant events. Further, the plaintiffs should keep in mind that each plaintiff must exhaust all of his administrative remedies before commencing an action under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739-41, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001)); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000); *see also Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal required when inmate has not administratively exhausted before filing lawsuit in district court). Consequently, concerning all of the claims that are included in the amended complaint, each plaintiff should explain what steps he took in the grievance procedure that is available to him. Once the court receives the additional statements from the plaintiffs, the court may order separate actions to be filed and assess separate filing fees if it determines that the plaintiffs claims are unrelated to each other and the only reason for filing one action is to circumvent the statutory filing fee. Additionally, the court may deem it appropriate to transfer the action to the Southern District if venue is appropriate in that district.

With respect to Napoleon Hartsfield's November 22, 2006 application for appointment of counsel, the court does not believe counsel is warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for

---

[1] A "plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct, and the injury or threat of injury must be both 'real and immediate,' not 'conjectural or hypothetical.'" *Meis v. Gunter*, 906 F.2d 364, 367-68 (8th Cir. 1990) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983), in turn quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)).

[2] The court notes that many, if not all, of the claims within the amended complaint appear to relate to Napoleon Hartsfield and none of the other plaintiffs.

appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). There is no need to appoint an attorney when the complaint most likely fails to state a claim upon which relief can be granted and the individual claims are not complex and they appear to be without merit or frivolous. Accordingly, Napoleon Hartsfield's application for appointment of counsel is denied.

**IT IS SO ORDERED**.

**DATED** this 3rd day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA